UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| SCOTT P. PETERSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> HGH COMPANIES INCORPORATED, a Washington corporation, <br><br> Defendant. | No. 3:21-cv-05518 <br><br> COMPLAINT <br><br> JURY DEMANDED |

COMES NOW the Plaintiff, SCOTT P. PETERSON, by and through his attorneys, and alleges as follows:

## I.   PARTIES

1. Plaintiff Scott P. Peterson is a permanent resident of the State of Washington.

2. Defendant HGH Companies Incorporated ("HGH") is Washington corporation with its principal office in Vancouver, Washington. It does business as Pacific Die Casting as well as "PacDie". Its registered agent is Elizabeth Gubrud-Howe, located at 5712 Northwest Fruit Valley Road, Vancouver, Washington, 98660.

## II.   JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

COMPLAINT - 1
(No. 3:21-cv-5518)

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1331, in that this complaint contains civil actions arising under federal law (Americans with Disabilities Act). This Court also has subject matter over the related state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over HGH as its principal office is located in the State of Washington, it does business in the State of Washington, and substantial portions of the events giving rise to this action arose in Clark County, Washington.

### III.   VENUE

5. Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the acts or omissions giving rise to the claims occurred in this district. The Tacoma division is appropriate pursuant to LCR 3(d)(1) as the acts or omissions substantially occurred in Clark County.

### IV.   FACTUAL BACKGROUND

6. Plaintiff began working for Pacific Die Casting in 2015 as the Machine Shop Manager. On or about March 2018, Plaintiff was promoted to Plant Manager.

7. Pacific Die Casting manufactures metal components for use by downstream product assemblers. In his role as Plant Manager, Plaintiff designed methods to streamline manufacturing and coordinated the manufacturing schedule, among many other roles. Plaintiff excelled at his job.

8. Plaintiff suffered a severe spinal cord injury in 2001. The injury affects Plaintiff's ability to walk, stand, and lift, and, among other symptoms, causes chronic pain. To assist in his day-to-day life, Plaintiff uses an ambulatory device to assist with his mobility and takes medication to alleviate the pain.

9. In January 2020, HGH Companies Incorporated ("HGH") bought Pacific Die Casting, and Elizabeth Gubrud became the CEO of the business. HGH retained all of the Pacific Die Casting employees, including Plaintiff.

10. After Ms. Gubrud became the CEO, Plaintiff disclosed the nature of his disability

COMPLAINT - 2
(No. 3:21-cv-5518)

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

to her.  He explained that one symptom of his disability is that he can occasionally experience incontinence, and that on those occasions, he may need to leave work for the remainder of the day.

11. On Thursday, July 16, 2020, shortly before a previously scheduled vacation, Plaintiff experienced a day of extreme discomfort relating to his disability.  He sent a text message to Ms. Gubrud explaining that he needed to take leave for the day due to a family medical emergency.  The next day, Plaintiff returned to work despite continuing to be in discomfort, and persevered in order to get as much work done as possible before beginning his vacation the next week.  At one point that day, the discomfort resulted in Plaintiff needing to excuse himself to the restroom to change his clothing.

12. Early in the morning of July 27, Plaintiff's first day back at work after returning from his vacation, Ms. Gubrud came into Plaintiff's work station and told him he was being let go, telling him it was for performance reasons.  Plaintiff immediately gathered his belongings from his desk.  As he left the room to walk to his car, Ms. Gubrud said that he was being terminated because of his "incontinence—I mean incompetence".

13. Plaintiff has met all conditions precedent for filing causes of action under the ADA and Title VII and received a Notice of Right to Sue from the EEOC on May 12, 2021.

### V.    FIRST CAUSE OF ACTION:

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14. Plaintiff realleges and incorporates herein the above allegations of paragraphs 1 through 13.

15. HGH is an employer as defined by 42 U.S.C. §12111(5).

16. Plaintiff's spinal injury and symptoms, and the symptoms of the medications prescribed to address the spinal injury, are disabilities covered under the ADA. 42 U.S.C. § 12102(1).

COMPLAINT - 3
(No. 3:21-cv-5518)

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

17. Defendant discriminated against and failed to provide reasonable accommodations to Plaintiff by terminating Plaintiff due to his disability, the effects of his disability, and or his need for reasonable accommodation. 42 U.S.C. § 12112(a) and (b).

18. Defendant failed to engage in the interactive process in good faith.

19. As a result and proximate cause of such conduct by Defendant, Plaintiff has suffered injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

## VI.   SECOND CAUSE OF ACTION:

### DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE UNDER THE WASHINGTON LAW AGAINST DISCRIMINATON

20. Plaintiff realleges and incorporates herein the above allegations of paragraphs 1 through 18.

21. Defendant's above-described actions toward Plaintiff amounted to disability discrimination in the terms and conditions of his employment in violation of RCW 46.60.180.

22. Defendant's above-described actions toward Plaintiff also amount to a failure to engage in the interactive process and a failure to make a reasonable accommodation in violation of the WLAD.

23. As a result and proximate cause of such conduct by Defendant, Plaintiff has suffered injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Award and entry of judgment in favor of Plaintiff against Defendant, for actual damages, including past and future compensatory, economic and non-economic damages,

COMPLAINT - 4
(No. 3:21-cv-5518)

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

general and emotional distress damages proximately caused by the wrongful conduct in violation of RCW 49.60 et seq, in violation of the Americans With Disabilities Act; plus pre-judgment interest on liquidated amounts, and costs, litigation expenses and reasonable attorneys' fees as allowed by law, including but not limited to RCW 49.60.030, RCW 50A.40.030, 29 U.S.C. § 626 (b) (incorporating 29 U.S.C. § 216(b)), 42 U.S.C. §12117, and 42 U.S.C. 2000e et seq.

B.   Plaintiff seeks punitive damages pursuant to 42 U.S.C. §12117.

C.   Plaintiff seeks liquidated damages pursuant to 29 U.S.C. § 626 (b) (incorporating 29 U.S.C. § 216(b)).

D.   Award and entry of injunctive relief prohibiting Defendant from engaging in discriminatory and retaliatory practices and requiring Defendant to undertake training and other efforts to eradicate unlawful action in its workforce.

E.   For such other and further relief as the Court deems just and equitable.

### IX.   JURY DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues triable.

DATED: this 21st day of July, 2021:

BEAN LAW GROUP

*s/Cody Fenton-Robertson*
Cody Fenton-Robertson (WSBA #47879)
*s/Matthew J. Bean*
Matthew J. Bean (WSBA #23221)
*Attorneys for Plaintiff*

COMPLAINT - 5
(No. 3:21-cv-5518)

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618