Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| SCOTT P. PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HGH COMPANIES INCORPORATED, a Washington corporation,<br><br>Defendant. | Case No.: 3:21-cv-05518 BHS<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant HGH Companies Incorporated ("Defendant") answers Plaintiff Scott P. Peterson's ("Plaintiff") Complaint as follows, and states further that these allegations are denied unless specifically admitted herein.

## I.   PARTIES

1. The allegation regarding one's permanent residency is a legal conclusion to which no response is required, and to the extent a response is required, deny. Upon information and belief, admit that Plaintiff lives in Washington State.

2. Admit.

///

///

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 1
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## II.  JURISDICTION

3. Jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, Defendant is not aware of any facts at this time to challenge this Court's jurisdiction over these claims.

4. Jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, Defendant is not aware of any facts at this time to challenge this Court's jurisdiction over this defendant. Defendant admits that its principal place of business is located in Washington and that it does business in Washington. Defendant denies all remaining allegations in this paragraph.

## III.  VENUE

5. Venue is a legal conclusion to which no response is required. To the extent a response is required, Defendants are not aware of any facts at this time to challenge venue.

## IV.  FACTUAL BACKGROUND

6. Upon information and belief, admit that Plaintiff began working for the predecessor owners of Pacific Die Casting in 2015 in the alleged role, and upon information and belief, admit that the prior owners promoted Plaintiff to Plant Manager.

7. Admit Defendant manufactures metal components for use by downstream product assemblers and admit that, in his role, plaintiff was tasked with designing methods to streamline manufacturing and coordinate manufacturing schedules. The allegation that Plaintiff was responsible for "among many other roles" is ambiguous and Defendant lacks sufficient information to admit or deny the allegation. Defendant specifically denies that Plaintiff "excelled at his job" and denies any inference that Plaintiff satisfactorily performed the functions of his position.

8. Defendant admits that Plaintiff sometimes used a cane, presumably for his mobility and/or to walk. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies those allegations.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 2
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

9. Admit.

10. Deny.

11. Admit that Plaintiff texted on July 16, 2020 that he needed to attend to a family medical emergency, and that Plaintiff worked for a period of time the following day when he was previously scheduled to work. Admit that Plaintiff had a vacation scheduled for the following week. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

12. Admit that on the morning of July 27, 2020, Ms. Gubrud informed Plaintiff in his closed office that Plaintiff's employment was terminated for performance reasons and that Plaintiff gathered his belongings from his office. Defendant denies the remaining allegations in this paragraph.

13. Defendant is without sufficient information to admit or deny when Plaintiff received a Notice of Right to Sue from the EEOC and, therefore, denies that allegation. The remaining allegation in this paragraph is a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies that allegation.

## V.   FIRST CAUSE OF ACTION:

## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14. Paragraph 14 is a preliminary statement to which no response is required. To the extent a response is required, Defendant incorporates its answers to Paragraphs 1-13 as if fully stated herein.

15. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employed more than 15 employees.

16. Whether Plaintiff is "covered under the ADA" is a legal conclusion to which no response is required. Defendant lacks sufficient information to admit or deny whether Plaintiff

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 3
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

experienced a spinal injury or experienced "symptoms" or "symptoms of the medications prescribed to address the spinal injury" are disabilities under the ADA.

17. Deny.

18. Deny.

19. Deny.

## VI. SECOND CAUSE OF ACTION:

## DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE UNDER THE WASHINGTON LAW AGAINST DISCRIMINATON

20. Paragraph 20 is a preliminary statement to which no response is required. To the extent a response is required, Defendant incorporates its answers to Paragraphs 1-19 as if fully stated herein.

21. Deny.

22. Deny.

23. Deny.

## VIII. PRAYER FOR RELIEF

Plaintiff's Prayer for Relief section, including Subparts A-E, does not contain any factual allegations that require a response from Defendant. To the extent the allegations contained in Plaintiff's Prayer for Relief section assert or imply any wrongdoing by Defendant, or that Plaintiff is entitled to any form of relief, such allegations are expressly denied.

## IX. JURY DEMANDED

Plaintiff's "Jury Demanded" statement does not contain any factual allegations that require a response from Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 4
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

### FIRST DEFENSE

Plaintiff's Complaint either in whole or in part, fails to state a cause of action upon which the requested relief may be granted.

### SECOND DEFENSE

Any injury to Plaintiff was caused by his own actions or the actions of third parties and not by the actions of Defendant.

### THIRD DEFENSE

Any and all actions of Defendant with respect to Plaintiff's employment were non-discriminatory, was taken for good cause, was taken in the good faith exercise of Defendant's reasonable business judgment, and was based on legitimate reasons.

### FOURTH DEFENSE

Defendant is not liable for any alleged discrimination because the Defendant has measures in place to prevent and/or correct discrimination, and Plaintiff unreasonably failed to utilize those measures.

### FIFTH DEFENSE

Plaintiff has an obligation to mitigate his damages, and pending further discovery, has failed to do so.

### SIXTH DEFENSE

Plaintiff's damages may be limited by the doctrine of after-acquired evidence.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages on his claims under Washington law.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 5
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## NINTH DEFENSE

Defendant currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint and having stated its defenses, Defendant HGH Companies Incorporated respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed with cause and with prejudice, and without attorneys' fees or costs to Defendant;

2. That Defendant be awarded its reasonable attorneys' fees and related costs to the extent allowed by statutory or common law; and

3. For such other and further relief as the Court deems appropriate.

Respectfully submitted this 10th day of September, 2021.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        By: */s/ Adam T. Pankratz*
        By: */s/ Kathryn P. Fletcher*
           Adam T. Pankratz, WSBA #50951
           Kathryn P. Fletcher, WSBA #22108
           1201 Third Avenue, Suite 5150
           Seattle, WA 98101
           Telephone: (206) 693-7057
           Facsimile: (206) 693-7058
           Email: adam.pankratz@ogletree.com
                    kathy.fletcher@ogletree.com

        Attorneys for Defendant HGH COMPANIES INCORPORATED

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 6
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2021, I filed the foregoing DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will provide service to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

> Matthew J. Bean, WSBA #23221
> Cody Fenton-Robertson, WSBA #47879
> BEAN LAW GROUP
> 2200 Sixth Avenue, Suite 500
> Seattle, WA  98121
> Phone: 206-522-0618
> Email:  matt@beanlawgroup.com
>             cody@beanlawgroup.com
>
> *Attorneys for Plaintiff Scott P. Peterson*

SIGNED THIS 10th day of September, 2021 at Seattle, Washington.

> OGLETREE, DEAKINS, NASH, SMOAK
> & STEWART, P.C.
>
> By: */s/ Cheryl L. Kelley*
>        Cheryl L. Kelley, Practice Assistant

48422888.2

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 7
Case No. 3:21-cv-05518-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058